Mary Jo O'Neill, AZ Bar #005924
Mark Sorokin, CT Bar #430872
**Equal Employment Opportunity Commission, Phoenix District Office**
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012
Telephone: (602) 535-0412
Fax: (602) 640-5009
Email:  mary.oneill@eeoc.gov
        mark.sorokin@eeoc.gov

Attorneys for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Petitioner,<br><br>v.<br><br>ARIZONA DISCOUNT MOVERS, LLC,<br><br>Respondent. | Case No.:<br><br>**MEMORANDUM IN SUPPORT OF APPLICATION FOR ORDER TO SHOW CAUSE WHY SUBPOENA SHOULD NOT BE ENFORCED** |

This case is before the Court on the application of the Equal Employment Opportunity Commission ("EEOC" or "Commission") for an order to show cause why an administrative subpoena should not be enforced. The EEOC is currently investigating a charge of race discrimination filed against Arizona Discount Movers, LLC ("Respondent") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). In the course of its investigation, the EEOC issued a subpoena seeking documents relating to that investigation. Respondent has refused to produce requested documents, and that refusal has delayed and hampered the investigation of the charge. The EEOC therefore applies to this Court to issue an Order To Show Cause why

the Subpoena should not be enforced.

I.     FACTUAL BACKGROUND

On June 24, 2014, Charging Party Clinton Lee filed a charge of discrimination alleging that the Company discriminated against him on the basis of race. (Exhibit A, Declaration of Rayford O. Irvin, District Director ("Dir. Decl.") ¶ 4(a) & Attachment 1 thereto.) Lee alleged that Respondent subjected him to a hostile work environment when his supervisor, Gary Carpenter, Warehouse Manager, made racial comments, such as "white Power," "if you are not white, you are not right," or "we can't send two black guys out to one job together." (*Id.*) Carpenter also had on his desk a black jockey holding a whip, which had been tied around the jockey's neck "like a noose." (*Id.*) Further, Lee alleged that Carpenter spray painted a troll doll black, hung it by a rope and affixed to the troll a note that read "Clint King." (*Id.*) Lee informed the EEOC that Respondent videotaped all staff meetings, including a meeting in which he complained about the troll doll to Respondent's owner, Amy Hannah. (Ex. A. Dir. Decl. ¶ 4(b) & Attachment 2.) In addition, Lee told the EEOC that Respondent granted two weeks' leave due to the birth of his daughter, then claimed he did not show up to work during the second week of leave and did not inform Respondent that he would be on leave. (*Id.*) On June 30, 2014, the EEOC provided Respondent notice of the charge by hand service and began to investigate whether Title VII had been violated. (Ex. A, Dir. Decl., ¶ 4(c) & Attachment 3 thereto.) Simultaneously, the EEOC served Respondent with a subpoena. (*Id.* ¶ 4(d) & Attachment 4 thereto.) The EEOC also interviewed Carpenter. (*Id.* ¶ 4(e).) During that interview, Carpenter informed the EEOC that Respondent tracks

driver and employee assignments through bills of lading. (*Id.*)

On July 1, 2014, Hannah contacted the EEOC, noticeably upset about the charge. (Dir. Decl. ¶ 4(f) & Attachment 5 thereto.) On July 22, 2014, Hannah informed the Commission that she planned to comply with the subpoena. (*Id.* ¶ 4(g) & Attachment 6 thereto.)

On August 26, 2014, the EEOC rescinded the subpoena because it was defectively numbered. (*Id.* ¶ 4(h) Attachment 7 thereto.) On October 1, 2014, the EEOC served Subpoena No. PHX-14-27 on Respondent. (*Id.* ¶ 4(i) & Attachment 8 thereto.) But on October 2, 2014, the EEOC rescinded Subpoena No. PHX-14-27 as well because it reflected a due date of September 8, 2014, before the date of issuance. (*Id.* ¶ 4(j) & Attachment 9 thereto.) Finally, the EEOC issued Subpoena No. PHX-15-01 and sent it to Respondent by certified mail on October 6, 2014. (*Id.* ¶ 4(k) & Attachment 10 thereto.) Respondent received the subpoena on October 9, 2014. (*Id.* ¶ 4(l) & Attachment 11 thereto.)

Subpoena No. PHX-15-01 required Respondent to produce, by October 17, 2014, the following information to the Commission:

1. Videos of all crew member meetings occurring between May 10 and May 30, 2014;
2. Sign in sheets from all crew member meetings occurring between May 10 and May 30, 2014;
3. A copy of Respondent's employee handbook;
4. A copy of Respondent's anti-harassment policy;
5. A copy of Respondent's attendance policy to include the call-in policy and the process an employee is to use when requesting leave;

6. A copy of all formal or informal complaints lodged against Gary Carpenter, Warehouse Manager and a copy of any and all documents/interviews conducted in response to any of the complaints;

7. A copy of the sign in sheet from any training conducted on Title VII issues from January 1, 2012 to the present;

8. A copy of the daily driver assignment sheet(s) or any documents reflecting what drivers were assigned to which moving jobs from January 1, 2012 to the present;

9. A copy of all documents reflecting time off requests submitted by crew members from January 1, 2012 to the present; and

10. A list of all individuals employed at this location from January 1, 2012 to the present, reflecting name, race/ethnicity, job title, date of hire, last date of employment (if no longer employed), date of birth, phone number, and last known address.

(Attachment 10 to Ex. A, Dir. Decl.) The information requested in Subpoena No. PHX-15-01 was identical to the requests in the previous subpoenas. (Ex. A, Dir. Decl. ¶ 4(m) & Attachments 8-10.)

On October 14, 2014, Respondent provided the Commission with a partial response. (Ex. A, Dir. Decl. ¶ 4(n) & Attachment 12.) In its response, Respondent criticized the EEOC's handling of the subpoena and investigatory process. (Ex. A, Dir. Decl. ¶ 4(o) & Attachment 12 thereto.) Respondent denied receipt of Subpoena No. PHX-15-01. (*Id.*) Despite its criticism, Respondent produced documents in response to Requests No. 3 and 10 and requested an extension to comply with the remainder of the subpoena. (Ex. A, Dir. Decl. ¶ 4(n) & Attachment 12 thereto.)

By telephone on October 17, 2014, Respondent advised the Commission's investigator that it would comply with the remainder of Subpoena No. PHX-15-01 by October 20, 2014. (Ex. A, Dir. Decl. ¶ 4(p).) In an email on the same day, the

Commission advised Respondent that "William McAthony (last name not legible)" at Respondent's office received Subpoena No. PHX-15-01. (Ex. A, Dir. Decl. ¶ 4(q) & Attachment 13 thereto.) Based on information provided by Respondent, Respondent employed a William McTheny. (Attachment 11 to Ex. A, Dir. Decl.). To date, Respondent has not produced any further documents or materials. (Ex. A, Dir. Decl. ¶ 4(t).)

## II. ARGUMENT

Respondent failed to exhaust its administrative remedies and has therefore forfeited its right to challenge the subpoena. Independent of Respondent's waiver of its objections, the Company has no valid defense for failing to comply with the EEOC's subpoena.

### A. Respondent failed to exhaust its administrative remedies and therefore has waived all objections to enforcement of the subpoena.

Pursuant to 29 U.S.C. § 161[1] and 29 C.F.R. § 1601.16(b)(1), a recipient of an EEOC subpoena who does not intend to comply must petition the EEOC to revoke or modify the subpoena within five days of service of the subpoena. "A party's failure to attempt this administrative appeal procedure prevents the party from challenging the subpoena, except on constitutional grounds." *EEOC v. County of Hennepin*, 623 F. Supp. 29, 31-32 (D. Minn. 1985). *Accord EEOC v. Cuzzens of Georgia, Inc.*, 608 F.2d 1062, 1063-64 (5th Cir. 1979); *EEOC v. City of Milwaukee*, 919 F. Supp. 1247, 1255 (E.D. Wis. 1996); *EEOC v. Roadway Express, Inc.*, 569 F. Supp. 1526, 1528-29

---

[1] This section is incorporated into Title VII by 42 U.S.C. § 2000e-9.

(N.D. Ind. 1983); *see also EEOC v. Lutheran Soc. Servs.*, 186 F.3d 959, 964 (D.C. Cir. 1999) ("section 1601.16(b)(1)'s mandatory language creates a strong presumption that issues parties fail to present to the agency will not be heard in court").

Respondent did not petition the EEOC to revoke or modify the subpoena within five days, as required by the statute and the related regulations. Indeed, Respondent has never so petitioned. (Dir. Decl. ¶ 4(s).) Consequently, all Respondent's objections to enforcement of the subpoena, other than constitutional objections, should not be heard. *See EEOC v. Aerotek, Inc.*, 498 Fed. App'x. 645, 647-49 (7th Cir. 2013) (holding that Aerotek was foreclosed from challenging the EEOC's subpoena because Aerotek did not submit its petition to revoke or modify the subpoena until the sixth day after service of the subpoena). Because Respondent does not, and cannot, raise any constitutional objections, the subpoena must be enforced.

    **B.**    **Independent of Respondent's waiver of its objections, it has no valid defense for failing to comply with the EEOC's subpoena.**

Even if Respondent's objections are considered, the Company has no valid defense for failing to comply fully with the EEOC's subpoena. EEOC subpoena enforcement proceedings are summary in nature and involve only limited judicial review. *EEOC v. Fed. Express Corp.*, 558 F.3d 842, 848 (9th Cir. 2009); *see EEOC v. Randstad*, 685 F.3d 433, 442 (4th Cir. 2012); *EEOC v. Konica Minolta Bus. Solutions U.S.A., Inc.*, 639 F.3d 366, 368 (7th Cir. 2011); *EEOC v. Fed. Express Corp.*, 558 F.3d 842, 848 (9th Cir. 2009); *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 649 (7th Cir. 2002); *EEOC v. Kloster Cruise Ltd.*, 939 F.2d 920, 922 (11th Cir. 1991); *EEOC v. Md.*

*Cup Corp.*, 785 F.2d 471, 475 (4th Cir. 1986); *see also EEOC v. Shell Oil Co.*, 466 U.S. 54, 81 (1984) (rejecting argument that notice of the charge was insufficient because allowing respondents to make such an argument would delay EEOC's investigations); *EEOC v. Dillon Cos.*, 310 F.3d 1271, 1277 (10th Cir. 2002) (not allowing "an employer to turn a summary subpoena-enforcement proceeding into a mini-trial by allowing it to interpose defenses that are more properly addressed at trial"). To successfully petition a court to enforce an administrative subpoena, the Commission needs only to show that (1) Congress granted the EEOC the authority to investigate; (2) the EEOC has followed all procedural requirements; and (3) the information sought is relevant and material to the investigation. *Fed. Express*, 558 F.3d at 848; *EEOC v. Children's Hosp. Med. Ctr.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (en banc), *abrogated on other grounds as recognized in Prudential Ins. Co. of Am. v. Lai*, 42 F.3d 1299 (9th Cir. 1994). *See also Univ. of Pa. v. EEOC*, 493 U.S. 182, 191 (1990); *EEOC v. Shell Oil Co.*, 466 U.S. 54, 72 n.26 (1984); *Randstad*, 685 F.3d at 442; *EEOC v. Schwan's Home Serv.*, 644 F.3d 742, 746 (8th Cir. 2011); *Konica Minolta*, 639 F.3d at 368; *United Air Lines*, 287 F.3d at 649; *EEOC v. A.E. Staley Mfg. Co.*, 711 F.2d 780, 788 (7th Cir. 1983).

        **1.**        **Congress Granted The EEOC Authority to Investigate Charges.**

First, Congress has authorized, and indeed mandated, that the EEOC investigate charges of discrimination alleging that Title VII has been violated. 42 U.S.C. § 2000e-5(b); *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 359 (1976); *Fed. Express*, 558 F.3d at 849. To that end, Congress conferred on the Commission broad powers of access to records of those entities against whom charges have been filed, 42 U.S.C. § 2000e-

8(a), including the authority to subpoena evidence in an investigation, 29 U.S.C. § 161 (incorporated into Title VII by 42 U.S.C. § 2000e-9). The EEOC is investigating Lee's allegations that Respondent engaged in race discrimination in violation of Title VII. (Ex. A, Dir. Decl. ¶ 4(a) & Attachment 1 thereto.) Such an investigation is within the agency's statutory authority. Thus, the first prong of the test has been satisfied.

### 2. The EEOC Has Followed All Procedural Requirements.

Second, a valid charge has been filed and the subpoena contains all the information required by the EEOC's regulations. *See* 29 C.F.R. § 1601.16(a) (elements of subpoena).[2] *See also EEOC v. Shell Oil Co.*, 466 U.S. 54, 67-74 (1984) (addressing requirements of valid charge); 29 C.F.R. § 1601.12 (same). By withdrawing the first two subpoenas related to this charge, the EEOC recognized that these subpoenas may have been defective and ensured that Subpoena No. PHX-15-01 complied with the EEOC's regulations. Respondent cannot allege that these basic requirements have not been met.

### 3. The information sought is relevant.

Finally, the information sought by the subpoena is relevant to the issue of race discrimination under investigation. The concept of relevancy during an EEOC investigation is broader than is that concept during litigation. Section 709(a) broadly

---

[2] 29 C.F.R. § 1601.16(a) states, in relevant part:
>    The subpoena shall state the name and address of its issuer, identify the person or evidence subpoenaed, the person to whom and the place, date, and the time at which it is returnable or the nature of the evidence to be examined or copied, and the date and time when access is requested. A subpoena shall be returnable to a duly authorized investigator or other representative of the Commission.

grants the EEOC access to "any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by this subchapter and is relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a). *Fed. Express*, 558 F.3d at 849. "Since the enactment of Title VII, courts have generously construed the term 'relevant' and have afforded the Commission access to virtually **any** material that **might** cast light on the allegations against the employer." *EEOC v. Shell Oil Co.*, 466 U.S. 54, 68-69 (1984) (emphases added). *Accord EEOC v. Randstad*, 685 F.3d 433, 448 (4th Cir. 2012); *EEOC v. Schwan's Home Serv.*, 644 F.3d 742, 747 (8th Cir. 2011); *EEOC v. Konica Minolta Bus. Solutions U.S.A., Inc.*, 639 F.3d 366, 369 (7th Cir. 2011); *EEOC v. Kronos, Inc.*, 620 F.3d 287, 296 (3rd Cir. 2010); *EEOC v. Dillon Cos.*, 310 F.3d 1271, 1274 (10th Cir. 2002); *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 652 (7th Cir. 2002); *EEOC v. Roadway Express, Inc.*, 261 F.3d 634, 639-40 (6th Cir. 2001); *EEOC v. Univ. of Pittsburgh*, 643 F.2d 983, 986 (3rd Cir. 1981). The Commission does not need to present a "specific reason for disclosure" of the requested information, *Univ. of Pa. v. EEOC*, 493 U.S. 182, 194 (1990), and courts generally will defer to the agency's appraisal of what is relevant "so long as it is not obviously wrong," *Randstad*, 685 F.3d at 448 (internal citations omitted).

The requested information "might cast light on the allegations against the employer." *EEOC v. Shell Oil Co.*, 466 U.S. at 68-69. The EEOC seeks documents reflecting the substance of Lee's allegations. Lee alleged that Carpenter refused to send two black employees together on an assignment and proclaimed that "if you're not white, you're not right." (Ex. A, Dir. Decl. ¶ 4(a), (b) & Attachment 1 thereto.) Lee

further alleged that Carpenter placed racially abusive imagery in the workplace, including a black troll doll with Lee's name on it. (Attachment 1 to Ex. A, Dir. Decl.) Request No. 1 will test Lee's allegation that Respondent videotaped every employee meeting, including the meeting in which he objected to the black troll doll. Request No. 2 will allow the Commission to identify potential witnesses or victims who were present at the meeting in which Lee objected to the troll doll. Moreover, Requests 1 and 2 apply only to the dates May 10 to May 30, 2012, and thus are narrowly tailored to obtain evidence that may shed light on Lee's allegations. Through Request No. 4, the EEOC seeks to determine whether Respondent had in place the tools necessary for an employee to complain of harassment. In Request No. 5, the EEOC seeks to explore Lee's allegation that he was treated differently than other employees when Respondent revoked the second of two weeks of leave granted to Lee. Request No. 6 is designed to determine whether other employees witnessed or were subjected to allegedly offensive conduct by Carpenter. In Request No. 7, the EEOC seeks to determine whether Respondent adequately trained its employees and management staff, including Carpenter, on their obligations under Title VII. Because of Lee's allegation that Carpenter refused to send two black employees on an assignment together, and Carpenter's testimony that Respondent annotated on its bills of lading the names of employees on each assignment, the EEOC seeks to obtain documents tending to prove or disprove whether Respondent discriminatorily provided assignments to its employees through Request No. 8. And Respondent's compliance with Request No. 9 will enable the Commission to determine whether Respondent treated in a discriminatory manner

with respect to his requests for leave.

Thus, the information is relevant to the investigation and the subpoena should be enforced.

### C. Compliance With the Subpoena Does Not Impose an Undue Burden.

Because the subpoenas were within the EEOC's authority, properly issued, and relevant to the investigations at hand, this Court should enforce them unless Respondent can demonstrate that compliance with the subpoena "is unreasonable because it is overbroad or unduly burdensome." *Children's Hosp. Med. Ctr.*, 719 F.2d at 1428. *Accord EEOC v. Quad/Graphics, Inc.*, 63 F.3d 642, 645 (7th Cir. 1995); *EEOC v. Citicorp Diners Club*, 985 F.2d 1036, 1040 (10th Cir. 1993); *EEOC v. Md. Cup Corp.*, 785 F.2d 471, 475-76 (4th Cir. 1986); *EEOC v. C & P Tel. Co.*, 813 F. Supp. 874, 875 (D.D.C. 1993).

To succeed, Respondent must show that the cost of compliance with the subpoena is "unduly burdensome in the light of the company's normal operating costs." *EEOC v. Md. Cup Corp.*, 785 F.2d 471, 479 (4th Cir. 1986). Respondent cannot claim that compliance with such a narrowly tailored and modest subpoena would impose an undue burden on the Company. Thus, the subpoena should be enforced.

### III. CONCLUSION

For the foregoing reasons, the Court should enforce the EEOC's subpoena. The subpoena seeks information relevant to a valid charge of discrimination that is within the EEOC's enforcement authority. Further, Respondent has not established that complying with the subpoena would be unduly burdensome. The Commission therefore urges the

Court to issue the accompanying proposed Order to Show Cause and, after giving Respondent an opportunity to be heard, enforce Subpoena No. PHX-15-01 as written.

RESPECTFULLY SUBMITTED this 12th day of January, 2015.

        MARY JO O'NEILL
        Regional Attorney

        */s/ Mark Sorokin*
        MARK SOROKIN
        Trial Attorney

        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        Phoenix District Office
        3300 N. Central Ave., Ste. 690
        Phoenix, AZ 85012

        Attorneys for Petitioner