February 11th, 2015

In the matter of: Clinton Lee vs. Arizona Discount Movers

Answer to Application from: Arizona Discount Movers, LLC. (Respondent)

Charge No. 540-2014-02671

Case#. 2:15-mc-00003-DLR

You're Honor,

This entire process has been very confusing and extremely frustrating from the start. According to the original Investigator 'Anicka Flores', we were under the impression that the EEOC was a non-biased organization. We thought they were interested in finding out the truth regarding Mr. Clint Lee's allegations of racism. As the EEOC is a Federal Government Agency, we naturally assumed that we could put our trust in them to do the right thing in the same way that we put our trust in the judicial system to act on facts and evidence in the process of upholding the truth. Because of the seriousness of the allegations we retained an attorney immediately. However, upon receiving two (2) separate certified letters from the EEOC dismissing the case, we discontinued his services.

Considering the confusing communication, or lack of, by the EEOC, we have done our best to comply. We made many attempts to reach Anicka Flores (investigator) done via phone and email, to no avail. Upon receiving the two (2) certified letters stating that the case had been dropped. The first subpoena served stated we had until the date of July 18th, 2014 to comply. We then received a letter on August 28th, 2014 stating this subpoena had been withdrawn as of August 26th, 2014. Only to receive another subpoena on October 3rd, 2014 stating that we had until September 8th, 2014 to submit all documents to them. This subpoena was withdrawn as of October 2nd, 2014 as well. It's obvious why this subpoena was withdrawn because it was dated incorrectly. We did receive the last and final subpoena on October 9th, 2014, stating we had until October 17th, 2014 to comply. After receiving this subpoena we made several attempts to reach our investigator Anicka Flores, follow up attempts to reach Anicka Flores were unsuccessful. We finally reached someone willing to talk with us, after a 45 minute hold, and we were informed that Anicka Flores was no longer our Investigator and a replacement Investigator was not assigned. The subpoena on October 09th, 2014 much to our surprise, was the third and final subpoena demanding that we provide the EEOC with various forms of documentation, that gave us five (5) business days to comply and satisfy their needs for the now very much alive case. Again we immediately reached out to the EEOC over the phone and by email repeatedly, specifically asking for an Investigator, with simple questions regarding specific documents requested. Without direction/help we moved forward to meet the deadline and did what we could in the five days to provide requested documentation. We sent by certified mail the documents we had readily available on October 14th, 2014. However, certain documentation were not sent.

These documents include:
1) Videos of crew meetings from May 10th to May 30th of 2014. Our security cameras only store data for 30 to 60 days depending on the amount of motion data detected and recorded, so the specific video was not available for the time requested.
2) Sign in sheets from all crew member meetings from May 10th to May 30th 2014 (one meeting). We mistakenly thought it was included with the materials sent. Please see attached.

1

3) Copy of Respondents Anti-Harassment Policy. Our employee handbook contains said.

4) Copy of attendance policy. Which is to include a call in policy and the process an employee is to take when scheduling a leave. As a small family owned business our policy employs the use of a large dry erase board for the employees to post requested days off. When a Dispatch Manger schedules crews for the following work day the Dry erase board is referenced first to see who will not be available to work. In addition, a recorded message is left each day listing the Drivers and Helpers scheduled for the following work day. Calling the main phone number and dialing "7" will access the message. Any crew member who is scheduled is expected to be present the following morning.

5) Copies of any complaints filed/logged against Gary Carpenter. We did not include any because NONE existed... ever. Not even from Mr. Lee were there any complaints reported or brought to the attention of a supervisor, manager or anyone part of the office staff. The allegations were only brought to our attention once we received a complaint from the EEOC.

6) Copy of the sign in sheet from any training conducted on the Title VII Issues. We did not, and still don't, know what this is. Nobody at the EEOC would answer our question regarding.

7) Copies of the daily drivers assignment sheets. There are approximately 12,000 daily driver's assignment sheets (Bill of Ladings) securely stored at our facility, some of which were destroyed, due to a sprinkler flood. Each document would require removal of personal Credit Card information, and completing this task would literally take hundreds of hours. We shared this information on two (2) separate occasions with the EEOC prior to the two (2) dismissals. Again, we were refused help with our questions regarding said.

8) Copies of all documents reflecting time off requests submitted by crew members from January 1st, 2012 to present. Again, being a small company we use a dry erase board for time off requests each month.

9) List of Employees from January 1st, 2012 to present. We could only provide the last two years because our current account only provides the records from the date it was implemented. We attempted to speak with an investigator regarding but once again we were turned away.

Your, Honor, without the much needed direction from the EEOC we moved forward willingly and provided the documents that were readily available to us, by the October 17th, 2014 deadline, but we could not send the documentation we did not have. To this day we still do not have an investigator assigned, or phone number of anyone specific who can assist us in any way. We have made countless attempt by phone and email. We were told that a replacement investigator has still not been assigned... and that there is nobody else who can help us. You have undoubtedly read the letter that Amy had sent previously and in it you can see her desperation and frustration. It would seem that if a huge Government Agency is going to level serious allegations against a small company with a limited staff, which requires great commitments of time and resources, at the very least we should have the right to make inquiries and have simple questions answered. A contact person, such as an investigator, with a working phone number would help greatly to insure requests are answered correctly and timely. We do look forward to truthfully and factually putting these claims to rest in a timely and orderly manner. Thank you for your time and consideration.

We have contacted our lawyer Joel Gildar PC. And are in the process of updating our lawyer about this case, and retaining his services to represent our company in this matter. We will inform all involved once we have retained his services. Correspondence will then go through our lawyer.

_____
Larry Pattenaude
Owner-Arizona Discount Movers

_____
Amy Hannah-Pattenaude
Owner-Arizona Discount Movers

# EMPLOYEE MEETING SIGN IN     5/19/14

| # | Name (Print) | Signature | Sign In Time | Meeting End Time | TOTAL TIME |
|---|---|---|---|---|---|
| 1 | Renee Diaz | [sig] | 6:00 | 6:45 | .75 |
| 2 | Robert Alvarez | [sig] | | | |
| 3 | Jemann Fuimaono | [sig] | | | |
| 4 | Kyle Jones | Kyle Jones | | | |
| 5 | GABE Padilla | [sig] | | | |
| 6 | Marcos MC | [sig] | | | |
| 7 | Clint Lee | [sig] | | | |
| 8 | Ismael Hernandez | [sig] | | | |
| 9 | Darryl Drew | Dyll Drew | | | |
| 10 | James Antoler | [sig] | | | |
| 11 | Edward Lopez | Edward Lopez | 💵 PAID | | |
| 12 | Ronald Chuy | Ronnis | | | |
| 13 | Simon Brown | Si Br | | | |
| 14 | Youssef Achi | [sig] | | | |
| 15 | Johnny Orte | [sig] | | | |
| 16 | Steve T | [sig] | | | |
| 17 | Carl Cowens | Carl Cowens | | | |
| 18 | Bruce Gowland | [sig] | | | |
| 19 | Candido Mendoza | [sig] | 💵 PAID | | |
| 20 | Michael Rector | Michael Rector | 6:00 | | |
| 21 | Jacob Rocha | [sig] | 6:00 PM | | |
| 22 | Dori | | | | |
| 23 | Shannon Darrin | [sig] | 6:15 | | |
| 24 | Joe Flores | Joe Flores | 6:15 | | |
| 25 | | | | | |
| 26 | | | | | |
| 27 | | | | ✓ | |
| 28 | CARI - NO SHOW | | | ✓ | ↓ |

All employees were paid 1hr for mandatory meeting