Mary Jo O'Neill, AZ Bar #005924
Hillary K. Valderrama, TX Bar # 24075201
Mark Sorokin, CT Bar #430872
**Equal Employment Opportunity Commission, Phoenix District Office**
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012
Telephone: (602) 535-0412
Fax: (602) 640-5009
Email:  mary.oneill@eeoc.gov
            hillary.valderrama@eeoc.gov
            mark.sorokin@eeoc.gov

Attorneys for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>            Petitioner,<br><br>     vs.<br><br>Arizona Discount Movers, LLC,<br><br>            Respondent. | Case No. 2:15-mc-00003-DLR<br><br>**MOTION TO DISMISS** |

Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), respectfully requests this Court to dismiss the above-captioned action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. As Respondent has filed an answer, this action can only be dismissed by order of this Court. *See* Fed. R. Civ. Proc. 41(a)(2). As discussed in greater detail below, Respondent has filed an answer that provides substantial information most aspects of Subpoena No. PHX-15-01, except the bills of lading. However, the EEOC has decided not to seek further production based on

-1-

Respondent's representation of the difficulty of redacting and producing responsive documents. In the interest of conserving valuable resources, the Commission no longer wishes to prosecute this matter and therefore requests dismissal. Respondent does not yet have counsel, but Respondent does not oppose this Motion.

## I.     Background

The Commission filed this action on January 12, 2015, and Respondent filed its answer on February 13, 2015. *See* Exhibit 1, Declaration of Mark Sorokin ("Sorokin Decl.") at ¶ 3 & citations therein. Respondent made no counterclaim against the EEOC. *Id.* at ¶ 4 & citation therein.

After reviewing Respondent's answer, the EEOC determined that Respondent had provided substantial information responsive to the subpoena at issue and raised reasonable concerns regarding Respondent's ability to provide other responsive documents. *Id.* at ¶ 6 and citation therein. Specifically, based on Respondent's representations regarding the difficulty of providing documents responsive to Request No. 8, the Commission has determined that further prosecution of Subpoena No. PHX-15-01 is not in the public interest.

The Commission conferred with Respondent on February 19, 2015, and informed Respondent that it was inclined to dismiss this enforcement proceeding based on Respondent's answer. *Id.* at ¶ 7. Respondent verbally agreed to a voluntary dismissal of this matter and reiterated that it is attempting to secure legal representation, though it has not done so yet. *Id.* at ¶ 8. To that end, the Commission filed the instant motion seeking dismissal of this case.

## II.     Legal Standard

Federal Rule of Civil Procedure 41(a)(2) permits courts to grant voluntary motions to dismiss.  "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal."  *Smith v. Lenches*, 263F.3d 972, 975 (9th Cir. 2001) (citations omitted); *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982) (citations omitted) ("In ruling on a motion for voluntary dismissal, the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal.").  Plain legal prejudice exists where actual legal rights are threatened or burdens appear extreme or unreasonable, such as when the motion is made "at such an advanced stage of the proceedings so as to prejudice defendant by waste of time and expense in preparation of defense."  *Watson v. Clark*, 716 F. Supp. 1354, 1356 (D. Nev. 1989) (citation omitted), *aff'd*, 909 F.2d 1490 (9th Cir. 1980) (unpub.) *Watson*, 716 F.Supp. at 1356 (citation omitted); *see also Westlands Water Dist. v. Un. States*, 100 F.3d 94, 97 (9th Cir. 1996) ("We conclude that legal prejudice is just that – prejudice to some legal interest, some legal claim, some legal argument.  Uncertainty because a dispute remains unresolved is not legal prejudice."). Even the possibility of a second lawsuit, prospect of a mere tactical advantage to the plaintiff, or a missed opportunity for a legal ruling on the merits do not constitute legal prejudice sufficient to justify the denial of a motion for voluntary dismissal.  *See Hamilton*, 679 F.2d at 145; *Watson*, 716 F. Supp. at 1355.

### III. Legal Analysis

The Court should grant the EEOC's motion for voluntary dismissal because a dismissal will not prejudice Respondent.

As an initial matter, Rule 41(a)(2)'s provision that defendants must be permitted to adjudicate counterclaims is inapplicable in this case. Respondent does not oppose dismissal and has no counterclaim. [Dkt. 8.] Thus, there is no counterclaim to preclude the Court from granting the EEOC's motion for voluntary dismissal.

Nor would the dismissal of this action prejudice Respondent. The EEOC gains no advantage over Respondent from this dismissal and does not anticipate a second application for the enforcement of the subpoena at issue, given Respondent's Answer. No legal rights are threatened and no unreasonable burdens (financial or otherwise) can be anticipated from the voluntary dismissal of this case. In short, the dismissal of this case would cause no plain legal prejudice and the Court should grant the EEOC's motion.

### IV. Conclusion

The EEOC has carefully reviewed the information provided by Respondent, and it appears that Respondent has complied with Subpoena PHX-15-01, except for Request No. 8. In light of Respondent's representations regarding the burdens of full compliance, the EEOC no longer wants to pursue Request No. 8. In this case, the EEOC believes the dismissal of this suit will preserve the valuable resources of both the judiciary and the taxpayers. There are no counterclaims that would preclude dismissal, and Respondent will not be prejudiced by a dismissal. To the contrary, a dismissal

inures to Respondent's benefit as well.  Thus, the Court should grant the EEOC's motion and dismiss this case.

      RESPECTFULLY SUBMITTED this 20th day of February, 2015.

                      MARY JO O'NEILL
                      Regional Attorney

                      */s/ Mark Sorokin*
                      MARK SOROKIN
                      Trial Attorney

                      HILLARY K. VALDERRAMA
                      Trial Attorney

                      EQUAL EMPLOYMENT
                      OPPORTUNITY COMMISSION
                      Phoenix District Office
                      3300 N. Central Ave., Ste. 690
                      Phoenix, AZ 85012

                      Attorneys for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and sent a true and complete, with exhibits, to Respondent's representative at the following address, via U.S. Mail, first class postage prepaid:

Arizona Discount Movers
Amy Hannah-Pattenaude, Owner
930 S 67th Avenue
Phoenix, AZ 85043


*/s/ Robert Wisniewski*
Legal Technician